**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **VINCENTE JUAREZ, on behalf of himself and all others similarly situated,**<br><br>     **Plaintiff,**<br><br>  **-against-**<br><br>**449 RESTAURANT, INC., 88 2ND AVE. FOOD CORP., PIRGOS FOOD CORP. (collectively d/b/a the "MOONSTRUCK DINERS"), and JOHN KAPETANOS,**<br><br>    **Defendants.** | **13 Civ. 6977 (AJN)** |

---

**MEMORANDUM OF LAW
IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY
CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT, FOR
COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED PERSONS, AND FOR
EXPEDITED DISCOVERY, AND IN OPPOSITION TO DEFENDANTS' MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS**

FITAPELLI & SCHAFFER, LLP
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Phone: (212) 300-0375
Fax: (212) 481-1333

*Attorneys for Plaintiff and
the putative class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 5

I.   PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION SHOULD BE
     GRANTED IN ITS ENTIRETY ........................................................................... 5

     A.   Plaintiff Makes The Required Modest Factual Showing That All Non-Exempt
          Workers Are Similarly Situated Under The Minimal Burden Standard. ...................... 5

     B.   Plaintiff's Request For Expedited Disclosure And Proposed Methods Of
          Dissemination Are Appropriate ................................................................... 9

     C.   Plaintiff's Proposed Notice Form Is Appropriate ....................................... 10

II.  DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS IS
     PREMATURE AND MERITLESS ..................................................................... 13

     A.   Legal Standard. .......................................................................................... 14

     B.   Plaintiff Has Sufficiently Plead That He Was Denied Compensation In Violation
          Of The FLSA And NYLL ............................................................................ 16

     C.   Plaintiff Has Sufficiently Plead That He Was Jointly Employed By Defendants'
          Single Integrated Enterprise ....................................................................... 17

CONCLUSION ................................................................................................................. 21

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**..................................................................................................**Page Number**

*Arculeo v. On–Site Sales & Mktg., LLC*,
   425 F.3d 193 (2d Cir. 2005)................................................................ 19

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................15

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
   537 F.3d 132 (2d Cir. 2008)................................................................ 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................15

*Bravo v. Established Burger One, LLC*,
   No. 12 Civ. 9044 (CM), 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013).........................4, 14, 19, 20

*Cano v. DPNY, Inc.*,
   287 F.R.D. 251 (S.D.N.Y. 2012) ......................................................... 18

*Carter v. Dutchess Community College*,
   735 F.2d 8 (2d Cir.1984)................................................................... 18

*Chao v. Barbeque Ventures, LLC*,
   No. 8:06 Civ. 676 (LSC), 2007 WL 5971772 (D.Nebraska Dec. 12, 2007) ........................... 17

*Chen v. TYT E. Corp.*,
   No. 10 Civ. 5288 (PAC), 2012 WL 5871617 (S.D.N.Y. Mar. 21, 2012) ............................... 19

*Cheng Chung Liang v. J.C. Broadway Rest., Inc.*,
   No. 12 Civ. 1054 (TPG), 2013 WL 2284882 (S.D.N.Y. May 23, 2013)....................................2, 9

*Chhab v. Darden Restaurants, Inc.*,
   No. 11 Civ. 8345 (NRB), 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013) ...........................10, 11

*Clinton's Ditch Coop. Co. v. NLRB*,
   778 F.2d 132 (2d Cir. 1985)................................................................ 19

*Cruz v. Rose Associates, LLC*,
   No. 13 Civ. 0112 (JPO), 2013 WL 1387018 (S.D.N.Y. Apr. 5, 2013)............................... 17, 18

*Duarte v. Tri-State Physical Med. & Rehab., P.C.*,
   No. 11 Civ. 3765 (NRB), 2012 WL 2847741 (S.D.N.Y. July 11, 2012)............................4, 14, 21

*Elmajdoub v. MDO Development Corp.*,
 No. 12 Civ. 5239 (NRB), 2013 WL 6620685 (S.D.N.Y. Dec. 11, 2013) ........................................6

*Eng–Hatcher v. Sprint Nextel Corp.*,
 No. 07 Civ. 7350(BSJ), 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) ........................................8

*Enriquez v. Cherry Hill Mkt. Corp.*,
 No. 10 Civ. 5616 (FB)(ALC), 2012 WL 440691 (E.D.N.Y. Feb. 10, 2012) ...........................11, 12

*Fang v. Zhuang*,
 No. 10 Civ. 1290 (RRM)(JMA), 2010 WL 52611974 (E.D.N.Y. Dec. 1, 2010) ..................... 11

*Garcia v. Pancho Villa's of Huntington Village, Inc.*,
 678 F. Supp. 2d 89 (E.D.N.Y. 2010) ................................................................................. 12

*Gonzalez v. Scalinatella, Inc.*,
 No. 13 Civ. 3629 (PKC), 2013 WL 6171311 (S.D.N.Y. Nov. 25, 2013) ...........................6, 11, 13

*Guaman v. 5 M Corp.*,
 No. 13 Civ. 3820 (LGS), 2013 WL 5745905 (S.D.N.Y. Oct. 23, 2013) ......................................9

*Guttentag v. Ruby Tuesday, Inc.*,
 No. 12 Civ. 3041 (HB), 2013 WL 2602521 (S.D.N.Y. June 11, 2013)..................................... 5-6

*Hayden v. Paterson*,
 594 F.3d 150 (2d Cir. 2010)....................................................................................................14

*Herman v. RSR Sec. Services Ltd.*,
 172 F.3d 132 (2d Cir. 1999)...................................................................................................... 18

*Hernandez v. Bare Burger Dio Inc.*,
 No. 12 Civ. 7794 (RWS), 2013 WL 3199292 (S.D.N.Y. June 25, 2013) ............................... 6-7

*Hoffman v. Sbarro, Inc.*,
 982 F.Supp 249 (S.D.N.Y. 1997) ................................................................................. 15-16, 20

*Jeong Woo Kim v. 511 E. 5th Street, LLC*,
 No. 12 Civ. 8096 (FM), 2013 WL 6283587 (S.D.N.Y. Dec. 3, 2013).....................................6, 9

*Jiaxing Hongyu Knitting Co., Ltd. v. Allison Morgan LLC*,
 No. 11 Civ. 09342 (AJN), 2013 WL 81320 (S.D.N.Y. Jan. 8, 2013) (Nathan, J) .........4, 14, 15, 20

*Kelly v. Bank of America, N.A.*,
 No. 10 Civ. 5332 (JBZ)(MV), 2011 WL 7718421 (N.D.Ill. Sept. 23, 2011) ..................... 10-11

*Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc.*,
 No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012)................................... 2, 9

*L–7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011) ................................................................................15

*Lamb v. Singh Hospitality Group, Inc.*,
  No. 11 Civ. 6060 (MKB), 2013 WL 5502844 (S.D.N.Y. Sept. 30, 2013) ........................ 2, 7, 9

*Laroque v. Domino's Pizza, LLC*,
  557 F. Supp. 2d 346 (E.D.N.Y. 2008) .................................................................... 8

*MacSweeney v. ING Life Ins. & Annuity Co.*,
  No. 11 Civ. 971 (VB), 2011 WL 4839086 (S.D.N.Y. Oct. 12, 2011) ..................................... 20

*Marte v. Safety Bldg. Cleaning Corp.*,
  No. 08 Civ. 1233 (LTS)(DCF), 2009 WL 2827976 (S.D.N.Y. Sept. 2, 2009) ....................4, 14, 21

*Melgadejo v. S & D Fruits & Vegetables Inc.*,
  No. 12 Civ. 6852 (RA)(HBP), 2013 WL 5951189 (S.D.N.Y. Nov. 7, 2013) ..............................10

*Mendoza v. Ashiya Sushi 5, Inc.*,
  No. 12 Civ. 8629 (KPF), 2013 WL 5211839 (S.D.N.Y. Sept. 16, 2013) ...............................6, 7

*In re Milos Litig.*,
  No. 08 Civ. 6666 (LBS), 2010 WL 199688 (S.D.N.Y. Jan. 11, 2010).................................... 11

*Monger v. Cactus Salon & SPA's LLC*,
  No. 08 Civ. 1817 (FB)(WDW), 2009 WL 1916386 (E.D.N.Y. July 6, 2009)....................................8

*Morris v. Lettire Construction, Corp.*,
  896 F. Supp. 2d 265 (S.D.N.Y. 2012) .................................................................... 13

*Ouedraogo v. A-1 Intern. Courier Service, Inc.*,
  No. 12 Civ. 5651 (AJN), 2013 WL 3466810 (S.D.N.Y. July 8, 2013) (Nathan, J) ............. 1, 6-7

*Patel v. Baluchi's Indian Rest.*,
  No. 08 Civ. 9985 (RJS), 2009 WL 2358620 (S.D.N.Y. July 30, 2009)................................... 14-15

*Pereyra v. Fancy 57 Cleaners, Inc.*,
  No. 11 Civ. 1522 (RJS), 2013 WL 1385205 (S.D.N.Y. Mar. 20, 2013) ................................ 18

*Perez v. Westchester Foreign Autos, Inc.*,
  No. 11 Civ. 6091 (ER), 2013 WL 749497 (S.D.N.Y. Feb. 28, 2013)....................................15, 18

*Perry v. City of N.Y.*,
  No. 13 Civ. 1015 (JMF), 2013 WL 6641893 (S.D.N.Y. Dec. 17, 2013) ................................14, 16

*Pippins v. KPMG LLP*,
  No. 11 Civ. 0377 (CM)(JLC), 2012 WL 19379 (S.D.N.Y Jan. 3, 2012)..............................9, 10

*Price v. N.Y. State Bd. of Elections*,
    540 F.3d 101 (2d Cir. 2008) .................................................................................... 14-15

*Ritz v. Mike Rory Corp.*,
    No. 12 Civ. 367 (JBW)(RML), 2013 WL 1799974 (E.D.N.Y. April 30, 2013)....................12, 13

*Robles v. Liberty Rest. Supply Corp.*,
    No. 12 Civ. 5021 (FB)(VMS), 2013 WL 6684954 (E.D.N.Y. Dec. 18, 2013)....................5, 9, 10

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007) ........................................................................................15

*Salomon v. Adderley Indus., Inc.*,
    No. 11 Civ. 6043 (PAC), 2013 WL 4308569 (S.D.N.Y. Aug. 16, 2013) ................................ 19

*Schwerdtfeger v. Demarchelier Management, Inc.*,
    No. 10 Civ. 7557 (JGK), 2011 WL 2207517 (S.D.N.Y. June 6, 2011) .......................................12

*Shajan v. Barolo Ltd.*,
    No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010).................................... 11


**Statutes** ............................................................................................**Page Number**

29 U.S.C. § 201 *et seq.* ("FLSA") ............................................................................. *passim*

29 U.S.C. § 203 ................................................................................................................18

29 U.S.C. § 207 ..........................................................................................................16, 17

29 U.S.C. § 216(b) ..................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6).............................................................................................4, 14, 15

Fed. R. Civ. P. 12(c) .................................................................................................. *passim*

C.F.R. 779.201 .................................................................................................................17

New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.* ................................................. *passim*

12 N.Y.C.R.R. §§ 137 *et seq.*........................................................................................16

12 N.Y.C.R.R. §§ 146 *et seq.*........................................................................................16

## PRELIMINARY STATEMENT

Through his well-plead Complaint and sworn declarations,[1] Plaintiff sufficiently establishes that Defendants operated the Moonstruck Diners as a single integrated enterprise, and that this enterprise uniformly failed to pay non-exempt workers at all three locations overtime wages for hours worked in excess of 40 per workweek.  Plaintiff thus easily meets his "low" burden of demonstrating that he is similarly situated to non-exempt workers who have been employed at the Moonstruck Diners located at 449 Third Avenue, 88 Second Avenue, and 244 Madison Avenue, thereby warranting conditional certification of the collective action.  *Ouedraogo v. A-1 Intern. Courier Service, Inc.*, No. 12 Civ. 5651 (AJN), 2013 WL 3466810, at *2 (S.D.N.Y. July 8, 2013) (Nathan, J).

Defendants do not argue that Plaintiff or any other non-exempt worker was properly compensated, nor do they assert that compensation practices at any of the Moonstruck Diners complied with the FLSA.  In fact, Defendants do not provide a single explanation of any of the Moonstruck Diners' pay practices whatsoever.  Rather, Defendants focus their efforts on limiting the scope of conditional certification to non-exempt workers of 449 Third Avenue – where Plaintiff primarily worked – arguing that Plaintiff is not similarly situated to employees from the remaining two diners simply because he worked a limited number of shifts at each location.  Notwithstanding Defendants' failure to identify any potential differences in the three Moonstruck Diners' compensation practices, Defendants' objections to sending notice to individuals who worked at 88 Second Avenue and 244 Madison Avenue require a premature finding that Defendants did not operate the Moonstruck Diners as a single integrated employer.  Since this determination would be inconsistent with well-established FLSA jurisprudence, it should be rejected by the Court.

---

[1]    Plaintiff has submitted a second declaration dated January 8, 2014 ("Juarez Decl.") in further support of his motion for conditional certification and in opposition to Defendants' motion for partial judgment on the pleadings.

Given Plaintiff's significant factual showing that Defendants operated the Moonstruck Diners as a single integrated enterprise – which subjected employees to a common unlawful overtime policy – notice of this lawsuit should be authorized to non-exempt workers at all three locations. Courts in this circuit have authorized notice to employees at multiple locations, even those where the named plaintiffs did not work, based on similar allegations that the defendants operated all locations as a single integrated employer.  *See Lamb v. Singh Hospitality Group, Inc.*, No. 11 Civ. 6060 (MKB), 2013 WL 5502844 (E.D.N.Y. Sept. 30, 2013) (authorizing notice to employees of multiple restaurant locations based on a finding that the plaintiff's complaint and declarations "established a common ownership and interrelation of operations among the [defendants'] restaurants"); *Cheng Chung Liang v. J.C. Broadway Rest., Inc.*, No. 12 Civ. 1054 (TPG), 2013 WL 2284882 (S.D.N.Y. May 23, 2013) (finding that single employee's affidavit – alleging that workers at one restaurant were not properly paid – "provide[d] adequate evidence to indicate that employees at other restaurants controlled by defendants may be similarly situated"); *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (finding that single plaintiff's allegation that "three restaurants are jointly owned and operated as a common enterprise" constitutes "sufficient indicia of the possibility of a common policy or plan among the three restaurants to meet the minimal burden plaintiff faces at this stage of the litigation").

For similar reasons, Plaintiff respectfully submits that Defendants' motion for partial judgment on the pleadings with respect to Plaintiff's overtime and spread-of-hours pay claims against 88 2nd Ave. Food Corp. and Pirgos Food Corp. is both premature and meritless.  The primary facts surrounding this motion are not in dispute.  Defendants do not deny that Plaintiff regularly worked over 10 hours per day and over 40 hours per week at 449 Third Avenue.  While they admit that Plaintiff also worked approximately seven shifts at 88 Second Avenue and one shift

at 244 Madison Avenue, they argue that Plaintiff does not sufficiently allege overtime or spread-of-hours pay claims against 88 2nd Ave. Food Corp. and Pirgos Food Corp. because he does not claim to have worked more than 10 hours in any one day or 40 hours in any one week at either location exclusively.   Thus – like their opposition to Plaintiff's motion for conditional certification – Defendants' motion for judgment on the pleadings is predicated on a premature and unjustifiable factual finding that Defendants' integrated enterprise is not jointly liable to Plaintiff for violations of the FLSA and NYLL that occurred at the three Moonstruck Diners.

Though, to date, no discovery has been exchanged regarding this issue, Plaintiff has plead facially plausible facts that, accepted as true, allow the Court to draw the reasonable inference that the Moonstruck Diners constituted a single integrated enterprise.  For example, Plaintiff asserts that the Moonstruck Diners were commonly owned and managed by Defendant John Kapetanos ("Kapetanos"), used the same interior décor, menus, uniforms and website, and subjected employees to the same employment policies and practices. **Ex. A**, Complaint ¶¶ 3, 17-21, 45-61.[2] Plaintiff also states that, while he was generally scheduled to work an average of approximately 60 or 64 hours per week at 449 Third Avenue, he was occasionally directed by Defendants – including Kapetanos – to work part of his scheduled shifts at either 88 Second Avenue or 244 Madison Avenue without retraining.  *Id.* ¶¶ 12, 48, 92.  Accepting these facts as true – as is required upon a motion brought under Fed. R. Civ. P. 12(c) – it is more than plausible that Plaintiff will be able to establish that Defendants qualified as a single employer, which would require the Court to consider the cumulative hours Plaintiff worked at all three locations each day and week – rather than the separate hours worked at any individual restaurant – and hold all Defendants jointly and severally liable for any violations of the FLSA and NYLL that may have occurred across all three restaurants.

---

[2]      All Exhibits are attached to the Declaration of Brian S. Schaffer dated November 26, 2013 (ECF No. 15).

In an attempt to rebut Plaintiff's well-plead allegations, Defendants rely on affidavits in an attempt to show that the Moonstruck Diners did not share common ownership and centralized management. As these affidavits are neither incorporated in the Complaint by reference nor integral to it, they may not be considered upon a motion for judgment on the pleadings. *See Jiaxing Hongyu Knitting Co., Ltd. v. Allison Morgan LLC*, No. 11 Civ. 09342 (AJN), 2013 WL 81320, at *1-2 (S.D.N.Y. Jan. 8, 2013) (Nathan, J). However, even if the Court were to consider Defendants' extraneous materials, it would ultimately reach the same conclusion: Defendants' motion must be denied because the question of whether or not Defendants constituted a single integrated employer requires a factual finding by the Court that is not ripe at this pre-discovery stage. Courts in this circuit consistently deny motions under Fed. R. Civ. P. 12(c), where as here, such motions require the court to accept a defendant's factual assertions over those alleged in a plaintiff's complaint. *See, e.g., Marte v. Safety Bldg. Cleaning Corp.*, No. 08 Civ. 1233 (LTS)(DCF), 2009 WL 2827976 (S.D.N.Y. Sept. 2, 2009) (denying motion for judgment on the pleadings with respect to potential joint employer-defendant where defendant's argument required the court to credit defendant's factual assertions over plaintiff's allegations in the complaint); *Duarte v. Tri-State Physical Med. & Rehab., P.C.*, No. 11 Civ. 3765 (NRB), 2012 WL 2847741 (S.D.N.Y. July 11, 2012) (denying motion for judgment on the pleadings with respect to individual defendants where the plaintiffs sufficiently alleged that each individual qualified as an employer under the FLSA); *see also Bravo v. Established Burger One, LLC*, No. 12 Civ. 9044 (CM), 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) (denying motion to dismiss claims against corporate defendants under Fed. R. Civ. P. 12(b)(6) "[b]ecause the Plaintiffs allege[d] the existence of a single integrated enterprise.").

## ARGUMENT

I. **PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION SHOULD BE GRANTED IN ITS ENTIRETY.**

A. **Plaintiff Makes The Required Modest Factual Showing That All Non-Exempt Workers Are Similarly Situated Under The Minimal Burden Standard.**

Plaintiff makes a strong preliminary showing that he regularly worked over 40 hours per workweek at the Moonstruck Diners without receiving overtime pay, and that Defendants jointly employed non-exempt workers at all three locations as a single integrated enterprise. *See* Plaintiff's Memorandum of Law in Support ("Plaintiff's Memo") at 2-4; Juarez Decl., generally. Though Defendants admit that Plaintiff worked at all three locations, they claim he is not similarly situated to workers at 88 2nd Avenue and 244 Madison Avenue because he did not work in excess of 40 hours in one week at either location. *See* Despina Gailas Affidavit ("Despina Aff.") ¶ 4 (admitting Plaintiff worked at 244 Madison Avenue); Theodore Gailas Affidavit ("Theodore Aff.") ¶ 4 (admitting Plaintiff worked at 88 Second Avenue). Notwithstanding Defendants' failure to identify any differences in the pay policies utilized by the Moonstruck Diners – which, standing alone, warrants the authorization of notice to non-exempt workers at all three locations under the minimal burden standard – Defendants' argument necessitates a premature and unsubstantiated factual finding by the Court that the Moonstruck Diners were *not* operated as a single integrated enterprise. This position urged by Defendants completely misconstrues Plaintiff's burden upon a motion for conditional certification.

Given that certification at the first stage is preliminary and subject to reevaluation, the burden for demonstrating that potential plaintiffs are similarly situated is "low" or "minimal." *See, e.g., Robles v. Liberty Rest. Supply Corp.*, No. 12 Civ. 5021 (FB)(VMS), 2013 WL 6684954, at *5 (E.D.N.Y. Dec. 18, 2013); *Guttentag v. Ruby Tuesday, Inc.*, No. 12 Civ. 3041 (HB), 2013 WL

2602521, at *2 (S.D.N.Y. June 11, 2013).   "Plaintiffs also benefit from a relatively lenient evidentiary standard," and "may adduce evidence through their own pleadings, affidavits, and declarations, including any hearsay statements contained therein."   *Elmajdoub v. MDO Development Corp.*, No. 12 Civ. 5239 (NRB), 2013 WL 6620685, at * 3 (S.D.N.Y. Dec. 11, 2013) (internal quotation marks and citations omitted).   The court does not "evaluate the merits of a plaintiff's claims … resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations," but rather   "draw[s] all inferences in favor of the Plaintiff."   *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629(KPF), 2013 WL 5211839, at *3-4 (S.D.N.Y. Sept.16, 2013) (citations omitted).   "[I]if the plaintiff's allegations are sufficient on their face to support conditional certification, a defendant may not defeat the plaintiff's motion by presenting conflicting factual assertions."   *Jeong Woo Kim v. 511 E. 5th Street, LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587, at *4 (S.D.N.Y. Dec. 3, 2013) (citations omitted).

Here, Plaintiff clearly asserts that he and other identified putative plaintiffs regularly worked over 40 hours per week without overtime pay, that Defendants never utilized any procedures to monitor or record non-exempt workers' time, and that he believes the employment and compensation practices were the same at all three locations.   *See* Plaintiff's Memo at 3-4. Though Defendants oppose certification of a collective that includes workers from 88 Second Avenue and 244 Madison Avenue, they not only fail to contest Plaintiff's allegations, but fail to explain any differences in the three restaurants' compensation practices that might allow for such a radical finding.   Consequently, Plaintiff's Complaint and declaration, standing alone, establish that he is similarly situated to non-exempt workers at all three Moonstruck Diners under the minimal burden standard.   *See, e.g., Gonzalez v. Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC), 2013 WL 6171311, at *3 (S.D.N.Y. Nov. 25, 2013); *Hernandez v. Bare Burger Dio Inc.*, No. 12 Civ. 7794

(RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013); *Ashiya Sushi*, 2013 WL 5211839, at *3; *Ouedraogo*, 2013 WL 3466810, at *2.

Moreover, even if Plaintiff had not worked at all three locations, Plaintiff makes a strong preliminary showing that Defendants jointly operated the Moonstruck Diners as a single integrated enterprise, and that this enterprise uniformly subjected all non-exempt workers to the same unlawful compensation practices.  To determine whether multiple defendants constitute a single integrated employer under the FLSA, "courts consider the following factors: (1) interrelations of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership and financial control." *Lamb*, 2013 WL 5502844, at *4 (citations omitted).  Although Plaintiff need not prove liability at this time, even without the benefit of discovery it is clear that the Moonstruck Diners were centrally controlled and operated to a significant extent, and that Plaintiff will likely be able to establish that Defendants jointly employed non-exempt workers at all three locations as a single employer.  As discussed in detail in Plaintiff's Memorandum of Law in Support, the Moonstruck Diners: use the same or similar interior décor, menus, employee uniforms, and website; utilize the same employment and compensation policies and practices; instruct and/or permit employees to perform work at multiple locations without retraining or rehiring; and are centrally owned, managed and operated by Kapetanos, who personally directed Plaintiff to perform work at multiple locations. *See* Plaintiff's Memo at 2-4; Juarez Declaration ¶¶ 4, 5.  Several of these assertions are corroborated by Defendants' own affidavits.  *See* Affidavit of John Kapetanos ("Kapetanos Aff.") ¶ 2 (admitting Kapetanos owns corporate shares of all three Moonstruck Diners); Despina Aff. ¶ 5 (admitting Plaintiff did not need additional training to work at 244 Madison Avenue because "he was a cook at another Moonstruck diner [and therefore] was familiar with our menu, which was the same as the one [at 449 Third Avenue]"); Theodore Aff. ¶ 5 (admitting the same with respect to 88 2nd Avenue).

These facts differentiate the present action from the cases cited by Defendants, none of which contain any allegations or analysis of a single integrated enterprise. *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 355-56 (E.D.N.Y. 2008) (limiting the proposed collective to employees from one of the six stores requested on the grounds that the plaintiffs only worked at the one location and relied primarily on rebutted and unreliable hearsay statements); *Monger v. Cactus Salon & SPA's LLC*, No. 08 Civ. 1817 (FB)(WDW), 2009 WL 1916386, at *1-2 (E.D.N.Y. July 6, 2009) (limiting the scope of conditional certification to the one salon where the plaintiffs worked – rather than all 26 salons owned by the defendants – because the plaintiffs merely "believe[d]" that employees at other locations were subjected to the same policies, without offering any basis for their belief, identifying any similarly situated individuals at other salons, or providing any documentary evidence of common practices); *Eng–Hatcher v. Sprint Nextel Corp.,* No. 07 Civ. 7350(BSJ), 2009 WL 7311383, at *6 (S.D.N.Y. Nov. 13, 2009) (declining to conditionally certify a national collective action where, after four months of discovery, the plaintiff failed to offer sufficient evidence of a common unlawful policy, let alone prove that such a policy was uniformly applied to all putative class members). In contrast, the instant Plaintiff's Complaint and declaration make a strong preliminary showing – based on his personal experience and knowledge acquired from other identified employers – that Defendants operated a single integrated enterprise which uniformly subjected non-exempt workers at the three Moonstruck Diners where he worked to the same unlawful compensation practices.

While Defendants recognize that Plaintiff seeks to include non-exempt workers from all three locations on the grounds that the restaurants are centrally controlled and operated with uniform payroll policies and practices, they untenably argue that Plaintiff's limited time at 88 2nd Avenue and 344 Madison Avenue prevents him from making a preliminary showing that Defendants operated as a single integrated enterprise, and that Plaintiff's contentions that Kapetanos owns and

manages all three locations is sufficiently refuted by opposing affidavits submitted by Kapetanos and two managers.  Opp. Memo at 7-9.  However, as Plaintiff has provided a detailed representation of Defendants' integrated enterprise, "Defendants may not impeach [Plaintiff's] showing at this juncture," as such an undertaking would require a factual finding by the Court that is not permitted at the conditional certification stage.  *Jeong Woo Kim*, 2013 WL 6283587, at *6; *Lamb*, 2013 WL 5502844, at *4 ("While Defendants argue that each of the restaurants is distinct, Plaintiffs have demonstrated that there are issues of fact regarding whether Defendants operate as a single employer.  These issues of fact should be determined following discovery, at the second stage of FLSA collective action certification, rather than at this preliminary stage.").

As a result of the foregoing, Plaintiff sufficiently establishes that he is similarly situated to non-exempt workers at all three Moonstruck Diners, regardless of whether or not he worked over 40 hours in a week at all three locations.  *See, e.g., Lamb*, 2013 WL 5502844, at *9 (*supra*); *Cheng Chung Liang*, 2013 WL 2284882, at *1 (*supra*); *Khamsiri*, 2012 WL 1981507, at *1 n. 1 (*supra*).

### B.    Plaintiff's Request For Expedited Disclosure And Proposed Methods Of Dissemination Are Appropriate.

Requests for disclosure of potential plaintiffs' contact and employment information – in both paper and electronic format – are routinely granted in this circuit.  *See, e.g., Robles*, 2013 WL 6684954, at *12-13; *Jeong Woo Kim*, 2013 WL 6283587, at *10; *Guaman v. 5 M Corp.,* No. 13 Civ. 3820 (LGS), 2013 WL 5745905, at *5 (S.D.N.Y. Oct. 23, 2013); *Pippins v. KPMG LLP*, No. 11 Civ. 0377 (CM)(JLC), 2012 WL 19379, at *14 (S.D.N.Y Jan. 3, 2012).  Plaintiff requests production of telephone numbers, e-mail addresses, and social security numbers to further the FLSA's broad remedial purpose, as well as the goal of court-authorized notice, by providing further means of informing individuals who may have changed addresses since working for Defendants about the

lawsuit.[3]  *See, e.g., Melgadejo v. S & D Fruits & Vegetables Inc.*, No. 12 Civ. 6852 (RA)(HBP), 2013 WL 5951189, at *7 (S.D.N.Y. Nov. 7, 2013) ("Disclosure of the names, addresses, telephone numbers and email addresses of putative class members is commonplace in this district because such information is essential to identifying and notifying potential opt-in plaintiffs.").

For similar reasons, in addition to sending notice in Spanish and English by regular mail, Plaintiff seeks permission to send a reminder letter, send the notice and reminder letter via email, and post the notices – along with consent forms – at each of the Moonstruck Diners.  Defendants fail to identify any harm or prejudice that will result from these methods of dissemination.  Given Plaintiff's reasonable concerns that a large number of employees may not receive notice sent solely by mail, the best means of furthering the goal of court-authorized notice in these circumstances includes sending a notice and reminder letter by regular mail and email, and posting the notice at Defendants' restaurants.  *See, e.g., Robles*, 2013 WL 6684954, at *11 ("Posting the notice is a reasonable means of assuaging the vagaries of notice by mail, and would not unduly burden the defendants); *Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004, *16 (S.D.N.Y. Sept. 20, 2013) (finding that "a reminder notice is appropriate"); *Pippins*, 2012 WL 19379, at *14 ("[G]iven the reality of communications today ... the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate.").

## C. <u>Plaintiff's Proposed Notice Form Is Appropriate.</u>

A notice sent pursuant to 29 U.S.C. § 216(b) is a court-authorized notice from plaintiffs to others who may be similarly situated.  Courts have recognized that "Plaintiffs in a certified FLSA collective action are appropriately responsible for the content of the class notice."  *Kelly v. Bank of*

---

[3]     Defendants' concerns of improper solicitation are completely unfounded.  Plaintiff's counsel have handled numerous FLSA actions where telephone numbers and/or email addresses have been disclosed at the time of conditional certification and have never been accused of violating any rules of professional conduct.

*Am., N.A.*, No. 10 Civ. 5332 (JBZ)(MV), 2011 WL 7718421, at *1 (N.D. Ill. Sept. 23, 2011).  While Plaintiff submitted an appropriate notice with his motion, Defendants raised several objections, all of which are inconsistent with the FLSA's remedial purpose, intended to diminish participation in this action, and have been routinely rejected by courts in this district.  *See Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385, 2010 WL 2218095, at *2 (S.D.N.Y. June 2, 2010) ("[E]verything defendants propose … is designed to discourage putative class members from participating.").

First, courts in this circuit routinely reject requests to include defense counsel's contact information in a collective action notice.  *See, e.g., Chhab*, 2013 WL 5308004, *16; *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10 Civ. 5616 (FB)(ALC), 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012).  Defendants do not offer any reason for including their counsel's information in the notice, let alone explain what its lawyers could possibly say to a potential class member who has questions about joining the case while complying with their ethical obligations.  Defendants also fail to explain how including Plaintiff's counsel's information on every page of the notice harms Defendants in any way.

Second, Plaintiff provides more than sufficient justification for a six year notice period.  *See* Plaintiff's Memo at 15-16.  "Where as here, Plaintiffs' Complaint also includes NYLL claims, courts in this District routinely deny requests to limit the Notice time period to three years, as even where claims are untimely under FLSA, they may shed light on the appropriateness of certifying a class action under the NYLL."  *Scalinatella*, 2013 WL 6171311, at *1 (citation omitted).

Third, the 90-day opt in period requested by Plaintiff is appropriate, and is frequently granted by courts in this circuit.  *See, e.g., In re Milos Litig.*, No. 08 Civ. 6666 (LBS), 2010 WL 199688, at *2 (S.D.N.Y. Jan. 11, 2010); *Fang v. Zhuang*, No. 10 Civ. 1290 (RRM)(JMA), 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1, 2010).  There is no prejudice to Defendants to give

potential plaintiffs 90 days to consider joining the case, and Defendants provide no reason as to why notice should be restricted to a 45 day period.

Fourth, Defendants' demands to include additional language in the notice are completely unwarranted.  Plaintiff's proposed notice already states that "Defendants deny any wrongdoing or violation of the FLSA or NYLL, and maintain that they paid back of house workers appropriately," and that potential plaintiffs "are allowed to hire [their] own lawyer."  **Ex. E**, Proposed Notice at 1, 4; *see Ritz v. Mike Rory Corp.*, 12 Civ. 367 (JBW)(RML), 2013 WL 1799974, at *4 (E.D.N.Y. Apr. 30, 2013).  Additionally, language indicating the possible cost of litigation for opt-in plaintiffs is consistently rejected for fear that such language would discourage individuals from exercising their rights under the FLSA.  *See, e.g., Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10 Civ. 7557 (JGK), 2011 WL 2207517, at *6 (S.D.N.Y. June 6, 2011); *Garcia v. Pancho Villa's of Hunt. Village, Inc.*, 678 F.Supp.2d 89, 95 (E.D.N.Y. 2010).  Further, Defendants fail to explain how they are in any way prejudiced by ensuring that putative plaintiffs know they are receiving a "Court-Authorized Notice."

Fifth, while the proposed notice identifies parallel state law claims, it specifically informs recipients that the "notice relates to claims that the Defendants violated federal law."  **Ex. E**, Proposed Notice at 2.  Courts routinely permit collective action notices to identify state law claims that are part of the lawsuit.  *See, e.g., Ritz*, 2013 WL 1799974, at *4; *Enriquez*, 2012 WL 440691, at *4.  Moreover, Defendants' concerns regarding improper solicitation are completely unfounded.

Sixth, courts routinely permit provisions in FLSA notices informing potential plaintiffs that retaliation is not permitted and that immigration-status is irrelevant.  *See, e.g., Ritz*, 2013 WL 1799974, at *4; *Enriquez*, 2012 WL 440691, at *4.  Without such language, potential plaintiffs may not exercise their rights under the FLSA for fear that their current employment with Defendants may not be protected and/or their immigration status would preclude them from participating.

Finally, opt-in plaintiffs should be directed to "send their consent forms to [P]laintiffs' counsel [not the Court], because the completed forms will contain sensitive information (such as prospective [P]laintiffs' home addresses) that should not be filed without redaction." *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 274 (S.D.N.Y. 2012).  While Defendants request that notices be returned to the Court, alleging that opt-ins will be implicitly discouraged from selecting their own counsel if they are directed to send notices to Plaintiff's attorneys, courts have routinely found these concerns to be meritless where – like the notice proposed by Plaintiff – notices inform recipients of their right to retain alternative counsel. *See, e.g., Scalinatella*, 2013 WL 6171311, at *4; *Ritz*, 2013 WL 1799974, at *4-5 (collecting cases).  Thus, there is no reason to deviate from the practice in almost every FLSA case ever conditionally certified in this district.

## II. DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS IS PREMATURE AND MERITLESS.

Plaintiff has plead sufficient facts to allow the Court to draw the reasonable inference that he was jointly employed by Defendants, and that Defendants are jointly liable to Plaintiff for any violations of the FLSA and NYLL that may have occurred at the three Moonstruck Diners.  Though Defendants contend that judgment on the pleadings is warranted with respect to Plaintiff's overtime and spread-of-hours pay claims against 88 2nd Ave. Food Corp. and Pirgos Food Corp., their argument is predicated on a premature and unjustifiable factual finding that is not appropriate at this stage in the proceedings, namely that Defendants did not constitute a single integrated employer.  Defendants' motion must be denied because the facts asserted in Plaintiff's Complaint allow the Court to draw the reasonable inference that (a) Plaintiff worked at the Moonstruck Diners for over 40 hours per week without overtime compensation and over 10 hours per day without spread-of-hours pay, and (b) Defendants jointly employed Plaintiff as a single integrated enterprise.

Courts in this circuit consistently deny motions brought under Fed. R. Civ. P. 12(c), where as here, plaintiffs sufficiently alleged that entities and/or individuals qualified as employers under the FLSA and NYLL.  For example, in *Marte*, a corporate-defendant's motion for judgment on the pleadings was denied where the court found that it could not accept the moving defendant's "factual assertion" that it did not jointly employ the plaintiffs at such an early stage in the proceeding.  2009 WL 2827976, at *1-2.  Similarly, in denying the defendants' motion in *Duarte*, the court found that the plaintiffs' allegations that individual-defendants satisfied the FLSA "employer" test made it more than plausible that the plaintiffs would be able to establish that the individuals qualified as employers for purposes of their FLSA claims.  2012 WL 2847741, at *4.  As will be demonstrated below, the same result is warranted here.  Moreover, in *Bravo*, the court denied a Fed. R. Civ. P. 12(b)(6) motion to dismiss claims against corporate defendants where the plaintiffs' "factual allegations, taken as true, are sufficient establish all the [corporate] Defendants were the Plaintiffs' employers under the single enterprise theory."  2013 WL 5549495, at *8.

### A.  Legal Standard

"A court deciding a Rule 12(c) motion must 'employ the same standard applicable to dismissals pursuant to Fed.R.Civ.P. 12(b)(6).'"  *Jiaxing Hongyu Knitting*, 2013 WL 81320, at *1 (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)).  Therefore, in reviewing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the "court must 'accept all factual allegations in the complaint as true and draw all reasonable inferences' in the plaintiffs favor."  *Id.*; *Perry v. City of N.Y.*, No. 13 Civ. 1015 (JMF), 2013 WL 6641893, at *1 (S.D.N.Y. Dec. 17, 2013).  "Accordingly, judgment on the pleadings is appropriate only where, after drawing all reasonable inferences in favor of the non-moving party, it is apparent from the pleadings that no material issues of fact need to be resolved and that the moving party is entitled to judgment as a matter of law."

*Patel v. Baluchi's Indian Rest.*, No. 08 Civ. 9985 (RJS), 2009 WL 2358620, at *2 (S.D.N.Y. July 30, 2009) (citing *Price v. N.Y. State Bd. of Elections*, 540 F.3d 101, 107 (2d Cir. 2008)).  Ultimately, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"On a motion for judgment on the pleadings, the Court considers the complaint, the answer, any written documents attached to them, and any matter on which the Court can take judicial notice for the factual background of the case."  *Jiaxing Hongyu Knitting*, 2013 WL 81320, at *1 (citing *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)); *Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091 (ER), 2013 WL 749497, at *5 (S.D.N.Y. Feb. 28, 2013) ("In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein.") (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).  While "[t]he complaint is deemed to include any materials incorporated in it by reference and documents that are 'integral' to the Complaint … consideration of other materials is precluded unless the Court, in its discretion, converts the motion to one for summary judgment and affords all parties an opportunity to present supporting material."  *Jiaxing Hongyu Knitting*, 2013 WL 81320, at *1 (citations mitted).  Courts do not consider extraneous materials – such as affidavits – upon a motion for judgment on the pleadings, and generally decline to convert pre-discovery motions to motions for summary judgment.  *See, e.g., Hoffman v. Sbarro, Inc.*, 982 F.Supp 249, 255-56 (S.D.N.Y. 1997) (stating that the defendant's motion was inappropriately brought under Fed. R. Civ. P. 12(c) where defendants relied on

numerous submissions outside the pleadings – including an affidavit – and declining to convert motion into one for summary judgment because such a motion would be premature at that juncture).

## B. Plaintiff Has Sufficiently Plead That He Was Denied Compensation In Violation Of The FLSA And NYLL.

Plaintiff's Complaint sufficiently pleads that Plaintiff was denied overtime compensation and spread-of-hours pay in violation of the FLSA and NYLL.  *See* **Ex. A**, Complaint ¶¶ 92-94, 99-124.  "The provision of the FLSA governing overtime compensation provides that 'no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.'"  *Perry*, 2013 WL 6641893, at \*2 (quoting 29 U.S.C. § 207(a)(1)).  The same provisions are mandated under the NYLL.  *See* NYLL Article 19, §§ 650 *et seq.*; 12 N.Y.C.R.R. §§ 137-1.3, 146-1.4.  The NYLL further provides that any restaurant employee whose workday is longer than ten hours shall receive one hour's pay at the basic minimum hourly wage rate.  12 N.Y.C.R.R. §§ 137-1.7, 146-1.6.

Here, the Complaint states that Plaintiff generally worked over 40 hours per week without ever receiving overtime compensation and over 10 hours per day without ever receiving spread-of-hours pay, in violation of the FLSA and NYLL.  *See* **Ex. A**, Complaint ¶¶ 92-94, 99-124.  In that regard, while Plaintiff was generally scheduled to work an average of approximately 60 or 64 hours per week at 449 Third Avenue, his primary location, he was occasionally directed by Defendants – including Kapetanos – to work part of his regularly scheduled shifts at either 88 Second Avenue or 244 Madison Avenue.  *Id.* ¶¶ 12, 48, 92.  Defendants do not deny that Plaintiff worked over 10 hours per day and over 40 hours per week at 449 Third Avenue, but argue that judgment on the pleadings is warranted with respect to 88 2nd Ave. Food Corp. and Pirgos Food Corp. because Plaintiff did not work over 10 hours in any one day or 40 hours in

any one week at either 88 Second Avenue or 244 Madison Avenue.  Opp. Memo at 10-12.  As discussed below, these facts are immaterial, as Plaintiff has plausibly alleged that he was jointly employed by Defendants' single integrated enterprise at all times relevant.

### C.  Plaintiff Has Sufficiently Plead That He Was Jointly Employed By Defendants' Single Integrated Enterprise.

It is undisputed that Plaintiff performed work at all three Moonstruck Diners.  **Ex. A**, Complaint ¶ 12.  While this sufficiently establishes that Plaintiff was employed by 88 2nd Ave. Food Corp. and Pirgos Food Corp. for at least a portion of his tenure at the Moonstruck Diners, Plaintiff further asserts that he was at all times jointly employed by each Defendant, who collectively operated the restaurants as a single employer.  *Id.*  ¶¶ 3, 17-21, 45-61.  To date, no discovery has been completed in connection with this issue.  Nevertheless, accepting Plaintiff's facts as true, Plaintiff will clearly be able to establish that the Moonstruck Diners were commonly owned and operated as a single integrated enterprise.  Thus, the Court must consider the cumulative hours that Plaintiff worked at all three restaurants each day and week, and hold all Defendants jointly liable for any violations that may have occurred across all three diners.  *See Chao v. Barbeque Ventures, LLC*, No. 8:06 Civ. 676 (LSC), 2007 WL 5971772, at *5 (D.Nebraska Dec. 12, 2007) (stating that defendants who operate two restaurants consisting of a single business "enterprise" are "subject to the requirement that any employee whose work for either or both companies totals more than 40 hours in a workweek be paid overtime") (citing 29 U.S.C. § 207(b); C.F.R. 779.201).

An "employer" is defined broadly under the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  *Cruz v. Rose Associates, LLC*, No. 13 Civ. 0112 (JPO), 2013 WL 1387018, at *2 (S.D.N.Y. Apr. 5, 2013).  The FLSA's definition of "employer" may apply to "an individual, partnership, association, corporation,

business trust, legal representative, or any organized group of persons," 29 U.S.C. §§ 203(a), (d),

and the Department of Labor's regulations promulgated under the FLSA state that an individual

may be employed by more than one entity. *Perez*, 2013 WL 749497, at *3. Correspondingly,

"federal regulations and [Second Circuit] precedent recognize the possibility of joint

employment for purposes of determining FLSA responsibilities." *Pereyra v. Fancy 57 Cleaners,*

*Inc.*, No. 11 Civ. 1522 (RJS), 2013 WL 1385205, at *4 (S.D.N.Y. Mar. 20, 2013) (*quoting*

*Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008)).

To determine whether a party is a joint employer, courts apply the "economic reality"

test, a "flexible" standard meant to take into consideration the "totality of the circumstances." *Id.*

(*quoting Barfield*, 537 F.3d at 141-42). Under the "economic reality" test, relevant factors

include whether the entity: (1) had the power to hire and fire the employees, (2) supervised and

controlled employee work schedules or conditions of employment, (3) determined the rate and

method of payment, and (4) maintained employment records. *Herman v. RSR Sec. Services Ltd.*,

172 F.3d 132, 139 (2d Cir. 1999) (*quoting Carter v. Dutchess Community College*, 735 F.2d 8,

12 (2d Cir. 1984)). Accordingly, an entity can be a joint employer under the FLSA even when it

does not hire and fire its joint employees, directly dictate their hours or pay them. *Cano v.*

*DPNY, Inc.*, 287 F.R.D. 251, 258 (S.D.N.Y. 2012) (internal quotations omitted).

A district court is also free to consider any other facts it deems relevant to its assessment

of the economic realities. *Perez*, 2013 WL 749497, at *8. In short, there is "no rigid rule for the

identification of an FLSA employer," but rather the determination of the relevant factors in any

given case must be made on a case-by-case basis. *Cruz*, 2013 WL 1387018, at *3 (quoting

*Barfield,* 537 F.3d at 143).

Additionally, a "single employer" situation exists where two nominally separate entities are actually part of a single integrated enterprise. *Clinton's Ditch Coop. Co. v. NLRB,* 778 F.2d 132, 137 (2d Cir. 1985). "There is well-established authority under [the single integrated enterprise] theory that, in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Bravo*, 2013 WL 5549495, at *8 (quoting *Arculeo v. On–Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)). Under the "integrated enterprise" doctrine, courts may consider the (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership of multiple defendants to determine if they should be treated as a single employer under the FLSA. *Id.* at *8 (collecting cases). No single factor is dispositive, but "control of labor relations is the central concern." *Salomon v. Adderley Indus., Inc.*, No. 11 Civ. 6043 (PAC), 2013 WL 4308569, at *5 (S.D.N.Y. Aug. 16, 2013) (citing *Chen v. TYT E. Corp.*, No. 10 Civ. 5288 (PAC), 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012)).

Here, Plaintiff's Complaint sufficiently pleads that the Moonstruck Diners are owned, operated and controlled by Defendants as a single integrated enterprise, and that this enterprise jointly employed Plaintiff at all relevant times. Specifically, the Complaint states that:

- The Moonstruck Diners maintain the same or similar interior décor, use the same or similar menus, and require non-exempt workers to wear the same uniform; operate a website, www.ordermoonstruck.com, which provides general information for the diners located at 449 Third Avenue and 88 Second Avenue; require non-exempt workers to perform the same basic job duties; subject non-exempt workers to the same employment policies and practices; and direct or permit non-exempt workers to perform work at multiple locations without retraining. **Ex. A**, Complaint ¶¶ 3, 17-21.

- Defendants integrated enterprise is centrally controlled by Kapetanos who, among other things: owns, manages and oversees operations at all three Moonstruck Diners; is identified as the Chief Executive Officer of 449 Third Avenue and 244 Madison Avenue, and as a Principal of 449 Third Avenue; and directed Plaintiff to perform work as a cook at multiple Moonstruck Diners without retraining. *Id.* ¶¶ 3, 45-61.

Affording Plaintiff the benefit of every possible inference, these allegations will sufficiently establish that Defendants were part of a single integrated enterprise that jointly employed Plaintiff throughout his employment. *See, e.g., Bravo*, 2013 WL 5549495, at *8 (finding sufficient allegations of a single integrated enterprise where the plaintiffs alleged that the corporate defendants, *inter alia*, "jointly advertised on the [same] website, marketed the restaurants as one entity, used the same menus at all the locations, moved employees … among the restaurants, and paid the employees using the same payroll methods … [and] Plaintiffs common management."). Thus, the total combined hours Plaintiff worked at all three locations will be considered in relation to his FLSA and NYLL claims, and each Defendant will be jointly liable for any cumulative violations that occurred at any of the three restaurants.

While Defendants attempt to refute the existence of a single integrated enterprise with affidavits from Kapetanos and managers of 88 Second Avenue and 244 Madison Avenue, such extraneous materials may not be considered upon a motion for judgment on the pleadings. *See, e.g., Jiaxing Hongyu Knitting*, 2013 WL 81320, at *1-2; *MacSweeney v. ING Life Ins. & Annuity Co.*, No. 11 Civ. 971 (VB), 2011 WL 4839086, at *4 n. 2 (S.D.N.Y. Oct. 12, 2011) ("Because it is outside the complaint, the Court will not consider the Noel affidavit submitted by defendants."); *Sbarro*, 982 F.Supp at 255-56 (*supra*).  Nevertheless, even if the Court were to consider Defendants' extraneous materials, the result would be the same, as most of the statements in Defendants' affidavits either corroborate Plaintiff's claims regarding Defendants' integrated enterprise, or are directly contradicted by Plaintiff's declaration dated January 8, 2014.

*See* Kapetanos Aff. ¶ 2 (admitting Kapetanos owns corporate shares of all three Moonstruck Diners); Despina Aff. ¶ 5 (admitting Plaintiff did not need additional training to work at 244 Madison Avenue because "he was a cook at another Moonstruck diner [and therefore] was familiar with our menu, which was the same as the one [at 449 Third Avenue]"); Theodore Aff. ¶ 5 (admitting the same with respect to 88 2nd Avenue); Juarez Decl. ¶¶ 6-16 (denying claims that Defendants did not direct Plaintiff to work at 88 Second Avenue and 244 Madison Avenue, and that Plaintiff worked at 88 Second Avenue and 244 Madison Avenue on his days off). At best, Defendants' extraneous affidavits create a factual dispute that is not ripe at this juncture, prior to the exchange of any related discovery. *See Marte*, 2009 WL 2827976, at *1-2 (*supra*); *Duarte*, 2012 WL 2847741, at *4 (*supra*).

As a result of the foregoing, it is clear that a review of Plaintiff's well-plead Complaint under the appropriate standard demonstrates that Plaintiff has asserted sufficient factual matter to state facially plausible claims against both 88 2nd Ave. Food Corp. and Pirgos Food Corp. for unpaid overtime and spread-of-hours pay under the FLSA and NYLL. Accordingly, Defendants' motion must be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully asks this Court to: (1) grant his Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA in its entirety; and (2) deny Defendants' Motion for Judgment on the Pleadings.

Dated: New York, New York
        January 13, 2014

Respectfully submitted,

**FITAPELLI & SCHAFFER, LLP**

By:

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*